UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ivette Corbett,

Plaintiff,

v.

MEMORANDUM OPINION AND ORDER
Civ. No. 01-200(MJD/JGL)

City Center of Minneapolis, Brookfield Properties, CA, City Center Security Officer John Doe 1-6, City of Minneapolis Civil Rights Department, City of Minneapolis City Council, Minneapolis Community Development Association, BCED Properties, et al.

Defendants.

---

Plaintiff is pro se.

Susan L. Walgrave, Assistant Minneapolis City Attorney for and on behalf of Defendants City of Minneapolis, City Council, City of Minneapolis Civil Rights Department and the Minneapolis Community Development Association.

---

In her Amended Complaint, Plaintiff alleges that she observed security guards at the City Center in downtown Minneapolis, beat a black man. Plaintiff further alleges that she approached the beating victim and asked if he was all right. In response to her actions in checking on the victim's status, Plaintiff alleges that the same security guards then beat her. She alleges that as a result of the beating, her arm was broken and she suffered other permanent physical and emotional injuries. She further alleges that she has observed City Center security guards harass and beat other black people.

JUL 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENT'D________
DEPUTY CLERK________

Before the Court is the motion of Defendants City of Minneapolis Civil Rights Department, the City Council and the Minneapolis Community Development Association ("MCDA") to dismiss.

Defendants Minneapolis Civil Rights Department and the Minneapolis City Council argue that they should be dismissed from this lawsuit as a named party, as neither is a suable entity. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to be sued must be determined by the law of the state in which the district court is held. Minnesota law provides that before an entity established by Home Rule Charter can be sued, the Charter must provide that such entity has the right to sue and be sued. State ex Re. Finlayson v. Gorman, 117 Minn. 323, 136 N.W. 402 (1912). Minneapolis is a home rule charter city, whose charter provides that the City may sue or be sued. Minneapolis, Mn., Charter, Ch. 1, § 2. However, the Civil Rights Department and the City Council are only operational departments that are not separate legal entities that may sue or be sued. Ryan v. Civil Service Commission, 278 Minn. 296, 298, 154 N.W.2d 192, 194 (1967)(Civil Service Commission not a suable entity. See also, Jacobs v. City of Minneapolis, 1987 WL 14716 (D. Minn. 1987); Minneapolis, Mn. Charter, Ch. 4; Minneapolis, Mn. Code § 141.80. Dismissal against those entities is therefore appropriate.

Defendants further argue that dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to the MCDA, the Civil Rights Department and the City Council as Plaintiff has failed to allege any facts that give rise to a cause of action against them. The Court agrees.

When addressing a motion to dismiss, the Court takes all facts alleged in Plaintiff's Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court applies those standards in the following discussion.

In her Amended Complaint, Plaintiff alleges that her injuries resulted from her alleged beating by City Center employees. Plaintiff makes no mention of the Minneapolis City Council, Civil Service Department or the MCDA's alleged role in the alleged beating, nor can the Court discern from the facts alleged a possible cause of action against these Defendants. Because the Court finds that Plaintiff can prove no facts that would support a cause of action against the Minneapolis City Council, the Civil Rights Department or the MCDA, dismissal pursuant to Rule 12(b)(6) is also appropriate.

IT IS HEREBY ORDERED that the Defendants Minneapolis Civil Rights Department, Minneapolis City Council and the Minneapolis Community Development Agency's Motion to Dismiss is GRANTED IN ITS ENTIRETY.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date: July 16, 2001

Michael J. Davis
Michael J. Davis
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# Please forward this announcement to the recipient of this fax.

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

| | | |
|---|---|---|
| 700 Federal Building<br>316 North Robert Street<br>St. Paul, MN 55101<br>(651) 848-1100 | 202 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>(612) 664-5000 | 417 U. S. Courthouse<br>515 West First Street<br>Duluth, MN 55802<br>(218) 529-3500 |